UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 28  4 37 PM '03
U.S DISTRICT COURT
NEW HAVEN, CONN.

SECURITIES AND EXCHANGE COMMISSION,  )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )   Case No. 3:01cv1027(PCD)
                                     )
IAN L. RENERT,                       )
HAWTHORNE STERLING & CO. and         )
DONNA L. WOOD,                       )
                                     )
                    Defendants.      )
_____)

## PLAINTIFF'S REQUEST FOR STATUS CONFERENCE

Plaintiff Securities and Exchange Commission ("Commission") hereby requests a status conference to ascertain whether defendant Ian L. Renert is actually going to defend himself in this action or whether entry of a default judgment against him is appropriate. As grounds for this motion, the Commissions states as follows:

1.  The deadline for completing discovery in this case was May 10, 2003. After several previous deposition dates were postponed at the request of Renert's counsel, the Commission noticed Renert's deposition to start on May 5, 2003 at the Commission's office in Atlanta, Georgia, which is only blocks away from the office of Renert's lead counsel.

2.  Renert did not appear for his deposition on May 5, 2003. Instead, Renert's lead counsel appeared and made the following statement on the record:

> Mr. Renert will not be making his appearance today. I will be moving to withdraw as counsel for Mr. Renert for nonpayment of fees. So will the law firm of Roach [sic] & Nassau. It's my understanding that Mr. Renert will be making a *pro se* appearance and consenting to our withdrawal and will probably be dismissing his answer. All of this will occur within the next 10 to 15 days.

[A true and complete copy of the record of the proceedings on May 5, 2003 is attached hereto as **Exhibit A.**]

2. On July 30, 2003 – nearly three months later – Renert's lead counsel and local counsel filed their motion to withdraw along with a notice of appearance by Renert *pro se*.[1] On September 23, 2003, the Court allowed the motion to withdraw. As a result, defendant Renert is now representing himself. He also purports to be representing defendant Hawthorne Sterling & Co. ("Hawthorne Sterling"). However, Hawthorne Sterling is a corporation which should be represented by counsel.

3. Despite the assurances made by Renert's then counsel at the suspended deposition on May 5, 2003, Renert has not yet withdrawn his answer. If Renert were to withdraw his answer, the Commission would immediately seek a default judgment against him and Hawthorne Sterling, and this matter could be brought to a close.[2]

4. On October 1, 2003, the Court issued a notice indicating that this case might be called for trial after November 1, 2003. The Commission believes that a trial in this case will not be necessary. The undersigned counsel for the Commission has been informed by several

---

[1] Renert's notice of appearance is dated May 23, 2003, but, as noted above, it was not filed until July 30, 2003.

[2] A final judgment was entered by consent against the third defendant, Donna L. Wood, on June 6, 2001.

2

reliable sources that Renert has left the United States, is now living in South Africa, and has no intention of returning to the United States to defend this action. Renert is apparently prepared to let this Court enter a judgment against him, presumably because, before this action was filed, he had transferred sufficient assets offshore to enable himself to live permanently in a foreign jurisdiction.

5.   At this point, the Commission believes that Renert is not likely to defend himself and that entry of a default judgment will be appropriate. To determine if that is accurate, the Commission requests a status conference with the Court. If Renert appears and expresses an intent to defend himself, then the Commission will request that discovery be reopened for the limited purpose of taking Renert's deposition. If, as is much more likely, Renert fails to appear, then the Commission will request that a default be entered against him, after which the Commission will make a submission concerning the appropriate form of default judgment that should be entered against him and Hawthorne Sterling.

Respectfully submitted,

JUAN MARCEL MARCELINO
DISTRICT ADMINISTRATOR

By: _____
Frank C. Huntington (Fed. Bar No. CT-01850)
Senior Trial Counsel
LeeAnn G. Gaunt (Mass. Bar No. 630557)
Branch Chief
73 Tremont Street, Suite 600
Boston, MA 02108
(617) 424-5900  ext. 201 (Huntington)
              ext. 651 (Gaunt)
(617) 424-5940  fax

3

                    John B. Hughes (Fed. Bar No. CT-05289)
Assistant U.S. Attorney
Chief, Civil Division
U.S. Attorney's Office
Connecticut Financial Center
157 Church Street, 23rd Floor
New Haven, CT  06510
(203) 821-3700
(203) 773-5373  fax

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**

Dated: October 7, 2003

## CERTIFICATE OF SERVICE

I, Frank C. Huntington, certify that on October 7, 2003, a copy of the foregoing Plaintiff's Request for Status Conference was sent by first-class mail to defendant Ian L. Renert at the address indicated on his notice of appearance dated May 23, 2003 and filed on July 30, 2003:

Ian L. Renert
14990 Horseshoe Trace
Wellington, FL 33414

*Frank C Huntington*
Frank C. Huntington