UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES & EXCHANGE COMMISSION,<br>     Plaintiff, | :<br>:<br>:<br>: |
| v. | : Case No. 3:01cv1027 (PCD) |
| | : |
| IAN L. RENERT,<br>HAWTHORNE STERLING & CO. and<br>DONNA L. WOOD,<br>     Defendants. | :<br>:<br>:<br>: |

### ORDER

Default was entered against Defendants on October 17, 2003 [Doc. No. 60]. Plaintiff now seeks entry of default judgment [Doc. No. 63]. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert denied 506 U.S. 1080, 122 L. Ed. 2d 357, 113 S. Ct. 1049 (1993) (citation omitted). When determining damages, a district court "may conduct such hearings or order such references as it deems necessary." Fed. R. Civ. P. 55(b)(2). However, a hearing is not necessary so "long as [the district court] ensure[s] that there [is] a basis for the damages specified in the default judgment. Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). "Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, 973 F.2d at 158. Because Plaintiff's Motion for Default Judgment seeks not only damages, but an injunction and a civil penalty, a hearing on the default judgment is appropriate.

Additionally, notwithstanding the entry of default and Defendants' failure to respond to Plaintiff's Motion for Default Judgment, such a hearing is not inconsistent with Defendants' right to an opportunity to be heard.  See <u>Groppi v. Leslie</u>, 404 U.S. 496, 502, 92 S. Ct. 582, 30 L. Ed. 2d 632 (1972) ("[R]easonable notice ... and an opportunity to be heard in defense before punishment is imposed are basic in our system of jurisprudence") (citations and quotations omitted).  The hearing will take place on Wednesday April 14, 2004 at 11:30am in New Haven, CT.  A ruling on Plaintiff's Motion [Doc. No. 63] will issue thereafter.

    SO ORDERED.

Dated at New Haven, Connecticut, April 7th , 2004.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court