UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 APR 14 P 12: 03

DISTRICT C...
NEW HAVEN, C...

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:01cv1027(PCD) |
| ) | |
| IAN L. RENERT, ) | |
| HAWTHORNE STERLING & CO. and ) | |
| DONNA L. WOOD, ) | |
| ) | |
| Defendants. ) | |

**FINAL JUDGMENT OF PERMANENT INJUNCTION,
DISGORGEMENT AND OTHER RELIEF AS TO
DEFENDANTS IAN L. RENERT AND HAWTHORNE STERLING & CO.**

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint on June 6, 2001, defendants Ian L. Renert and Hawthorne Sterling & Co. ("Hawthorne) having filed an answer on September 10, 2001, the parties having engaged in discovery for more than eighteen months (including initial disclosures, exchanging thousands of pages of documents, and seven depositions), counsel for Renert and Hawthorne having been allowed to withdraw their appearances on September 23, 2003 for non-payment of their fees; Renert having filed a *pro se* appearance for himself, but no new appearance having been filed for Hawthorne; Renert having withdrawn his answer on October 7, 2003 in order to "stand mute" in response to the Commission's allegations; a default having been entered against Renert and Hawthorne on October 17, 2003; the Court having considered the Commission's motion for entry of a default judgment against Renert and Hawthorne and all the pleadings and evidence submitted in support

thereof; and the Court having determined that Renert is not an infant or incompetent person and is not in the military service of the United States:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Renert, Hawthorne and their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a), (c)] by, directly or indirectly: (a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell any security, through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to such security; (b) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, any security unless a registration statement has been filed as to such security, or while the registration statement as to such security is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. §77h], provided, however, that the provisions of this paragraph shall not apply to any security or transaction which is exempt from the provisions of Section 5 of the Securities Act [15 U.S.C. §77e].

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Renert, Hawthorne and their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, are permanently restrained and enjoined from violating Section 7(d) of the Investment Company Act of 1940 ("Investment Company Act") [15 U.S.C. §80b-7(d)] by, directly or indirectly, acting as an underwriter for an investment company which is not organized or otherwise created under the laws of the United States, unless the Commission has issued a conditional or unconditional order permitting such company to register under the Investment Company Act and to make a public offering of its securities by use of the mails and means or instrumentalities of interstate commerce.

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Renert, Hawthorne and their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with him who receive actual notice of this Final Judgment, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. §77q(a)] by, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails: (a) employing any device, scheme or artifice to defraud; (b) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which

they were made, not misleading; or (c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser of such security.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Renert, Hawthorne and their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with him who receive actual notice of this Final Judgment, are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) employing any device, scheme, or artifice to defraud; (b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Renert, Hawthorne and their agents, servants, employees, attorneys, successors or assigns, and those persons in active concert or participation with them who receive actual notice of this Final Judgment, are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§80b-6(1) and 80b-6(2)] by,

directly or indirectly, using the mails or any means or instrumentality of interstate commerce to: (a) employ any device, scheme, or artifice to defraud any client or prospective client; or (b) engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)], Renert and Hawthorne are liable, jointly and severally, for disgorgement of $717,276, representing profits gained as a result of the conduct alleged in the Complaint, plus pre-judgment interest in the amount of $117,264, for a total disgorgement amount of $834,540, and that, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)], Renert shall pay a civil penalty in the amount of $ 250,000.00 and Hawthorne shall pay a civil penalty in the amount of $ 500,000.00. Renert and Hawthorne shall pay these disgorgement and penalty obligations within thirty (30) days after entry of this Final Judgment. The payments shall be made by money order, certified check or cashier's check made payable to the Clerk, United States District Court for the District of Connecticut. The payments shall be mailed to the Clerk of this Court at the Richard C. Lee U.S. Court House, 141 Church Street, New Haven, CT 06510, with a cover letter identifying Renert and Hawthorne, the name and number of this action, and the name of this Court, and copies of the payment and cover letter shall be mailed to Frank C.

Huntington, Securities and Exchange Commission, 73 Tremont Street, Suite 600, Boston, MA 02108. Upon payment of the disgorgement and penalty obligations set forth above, Renert and Hawthorne shall relinquish all legal and equitable right, title and interest in such payments, and no part of the funds shall be returned to them. The Clerk shall deposit the payments into an interest-bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of the Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes.

## VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that any bank, brokerage firm, or other financial institution holding any funds or securities in the name of, for the benefit of, or under the direct or indirect control of Renert and/or Hawthorne, including but not limited to the following accounts:

| | | |
|---|---|---|
| America First Associates | #969-50240 | Lancaster Canaan Fund or Kennilworth Mutual Fund |
| Coleman & Co. | #LHM-950931 | Equivest Family of Funds |
| E*Trade | #7050-1901 | Ian Renert |
| First Madison Securities | #52814032 | Arcadia Mutual Funds |
| First Union Bank of Conn. | #3090014451160 | Ian Renert |
| Gilford Securities | #HPA-953487-XA | Arcadia Mutual Fund |
| Glenn Michael Financial | #LFJ-950372-48 | Arcadia Mutual Fund |
| Grand Capital | #902-10554<br>#902-10558<br>#902-10559<br>#902-10562 | Equivest Family of Funds<br>Dorlin Securities<br>Euro-Coventry Group<br>Dexia Fund |
| JPMorganChase (formerly Chemical Bank) | #055-0622157 | Ian Renert |
| Mueller & Co. | #61303692<br>#61303753<br>#61305568<br>#61307770<br>#61308449<br>#61310070 | Kenilworth Mutual Fund<br>Arcadia Mutual Fund<br>Dexia Fund<br>Windsor Group<br>Whitney Asset Management<br>Chesterfield Capital Resources |
| Wall St. Discount | #088-22434<br><br>#088-23077 | Alastair-Prescott Ltd. or Churchill Group Ltd.<br>Mozart Corp. |

shall deposit with the Registry of the Court such funds or the liquidated market value of such securities immediately upon service of this Final Judgment upon them, by personal service or otherwise, including by facsimile transmission or overnight delivery. The Clerk shall place all such funds in the CRIS account established pursuant to Paragraph VI, and the funds shall remain in the CRIS account pending Court approval for a plan of distribution.

in the CRIS account pending Court approval for a plan of distribution.

## VIII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Renert and Hawthorne as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

DONE AND ORDERED at New Haven, Connecticut, this 14th day of April, 2004.

UNITED STATES DISTRICT JUDGE