UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>IAN L. RENERT,<br>HAWTHORNE STERLING & CO. and<br>DONNA L. WOOD,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 

Case No. 3:01-cv-1027(PCD)

_November 19_, 2007

## ORDER FOR
## APPOINTMENT OF RECEIVER AND
## APPROVAL OF DISTRIBUTION PLAN

The Court having considered the Application for Appointment of Receiver and Approval of Distribution Plan ("Application") submitted by plaintiff Securities and Exchange Commission ("Commission") and finding there is good cause for the Application,

IT IS HEREBY ORDERED that the Application is approved, that Richard J. Yurko, Esq. of Yurko, Salvesen & Remz, P.C. is appointed as Receiver, and that the Distribution Plan set forth below is approved:

## DISTRIBUTION PLAN

A. **Definitions**

1.    "Disgorgement Fund" shall mean:  (a) the monies previously paid to the Registry of the Court on behalf of defendants Ian L. Renert ("Renert") and Hawthorne Sterling & Co.

("Hawthorne") in accordance with the Final Judgment of Permanent Injunction, Disgorgement and Other Relief entered on April 14, 2004, plus any accumulated interest and earnings thereon; and (b) any monies subsequently paid to the Registry of the Court pursuant to proceedings now pending before the Ontario Superior Court in the Province of Ontario, Canada.

2.    "Escrow Fund" shall mean the amount of money to be held in escrow by the Receiver after the Disgorgement Fund has been transferred to the Receiver in accordance with paragraph 15 below, plus any accumulated interest and earnings thereon.

3.    "Eligible Claimant" shall mean a person who, as determined by the Receiver in accordance with paragraphs 17-22 below, invested in one or more of the offshore investment companies controlled by Renert or Hawthorne ("the Hawthorne Sterling Funds"), sustained a Net Cash Loss as a result of such investment, and has not previously compromised any claims against Renert or Hawthorne arising from such investment. For purposes of this Distribution Plan, a person who invested in one or more of the Hawthorne Sterling Funds sustained a "Net Cash Loss" if: (a) the total amount which the person paid directly or indirectly to Renert or Hawthorne as an investment exceeds (b) the total amount which the person received directly or indirectly from Renert or Hawthorne as a return on the investment. In no event shall any defendant or any sales representative or sales agent who was compensated for soliciting others to invest in any of the Hawthorne Sterling Funds be deemed to be an Eligible Claimant.

4.    "Available Distribution" shall mean the amount of money in the Escrow Fund to be distributed to Eligible Claimants in accordance with paragraph 22 below.

**B.     The Receiver's Rights, Responsibilities and Fees**

5.     The Receiver shall be responsible, in consultation with the Commission staff, for distributing the Available Distribution to Eligible Claimants in accordance with this Distribution Plan. The Receiver may retain a claims-processing firm if he deems appropriate, and the cost of such firm's services shall be included within the Receiver's fees for purposes of paragraph 9 below.

6.     The Receiver is not required to post a bond or to give an undertaking of any type in connection with his duties and obligations as Receiver under this Distribution Plan.

7.     The Receiver is entitled to rely on all outstanding rules of law and court orders and shall not be liable to anyone for his own good faith compliance with any order, rule, law, judgment or decree, including the orders of this Court. In no event shall the Receiver be liable to Renert or Hawthorne for his compliance with his duties and responsibilities under this Plan, nor shall he be liable to anyone for any action taken or omitted by him, except upon a finding by this Court that he acted or failed to act as a result of misfeasance, bad faith, gross negligence, or in reckless disregard of his duties.

8.     The Receiver shall take all necessary steps to establish, if possible, the Escrow Fund as a "Settlement Fund" pursuant to 26 U.S.C. §468B and the regulations or pronouncements thereunder. Such steps shall include the timely filing of elections and statements as set forth in 26 U.S.C. §468B and the regulations or pronouncements thereunder. The Receiver shall timely file all necessary federal, state and local tax returns on behalf of the Escrow Fund and shall pay all taxes from the Escrow Fund on a timely basis. The Receiver shall,

3

if possible, cause the Escrow Fund to pay taxes in a manner consistent with treatment as a "qualified settlement fund" as provided in 26 C.F.R. §1.468B-2.

9.    The Receiver shall be compensated at an hourly rate for his services, the services of others employed by Yurko, Salvesen & Remz, P.C., and for the services of any claims-processing firm.  In addition, the Receiver shall be reimbursed for costs such as postage, mailing, overnight delivery, supplies, photocopying, long-distance telephone charges, bank charges, computer search charges, tax preparation services, and the publication of notices to potential claimants.  The Receiver shall submit invoices itemizing his fees and costs in accordance with paragraphs 24 and 26 below.

10. The Receiver may be removed at any time by the Court and replaced with a successor.  In the event the Receiver decides to resign, he shall first give written notice to the Commission and the Court of his intention, and his resignation shall not be effective until the Court has appointed a successor.  The Receiver shall then follow such instructions as his successor or the Court gives him in turning over custody and control of the Escrow Fund.

## C.    Determination of Non-Investor Claims

11.    Within thirty (30) days after the entry of this Order, any person who claims an interest in any portion of the Disgorgement Fund that does not arise from an investment in any of the Hawthorne Sterling Funds shall file a written statement with the Court setting forth the factual and legal grounds for such claim and attaching copies of documents relevant to the existence of such claim.  A copy of the statement shall be served upon counsel of record for the Commission in accordance with Rule 5 of the Federal Rules of Civil Procedure.

4

12.    Within forty-five (45) days after the entry of this Order, the Commission shall file a response to any non-investor claims submitted pursuant to paragraph 11. The Commission's response shall set forth the Commission's position as to the validity of such claims and shall attach copies of documents relevant to the existence of such claims.

13.    The Court shall rule upon the validity of any non-investor claims submitted pursuant to paragraph 11, and the Court's determination shall be final. The Court may determine the validity of non-investor claims on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the resolution of any such claims, the Commission may take discovery, including discovery from appropriate non-parties. For purposes of this Distribution Plan, no defendant in this action and no person acting on behalf of or for the benefit of any defendant in this action shall be deemed to have a valid non-investor claim.

14.    If the Court determines that any non-investor has a valid claim to any portion of the Disgorgement Fund, the Court shall direct the Clerk of the Court to make an appropriate payment to such non-investor(s) from the Disgorgement Fund.

**D.    The Escrow Fund**

15.    After payment of any valid non-investor claims pursuant to paragraph 14, the Clerk of the Court shall release the remainder of the Disgorgement Fund to the Receiver for deposit in a separate escrow account which the Receiver will establish and maintain. Upon receipt of the remainder of the Disgorgement Fund (thereafter called the Escrow Fund), the

Receiver shall sign a receipt acknowledging receipt of the funds and shall file the signed receipt with the Court and provide a copy of the receipt to counsel for the Commission.

16.    The Receiver shall promptly invest and reinvest the Escrow Fund with a view toward, first, conserving principal, and second, maximizing investment return. The Receiver may invest and reinvest the Escrow Fund only in one or more of the following investments: (a) direct obligations of, or obligations of which the principal and interest are unconditionally guaranteed by, the United States of America; (b) money market funds authorized to invest solely in direct obligations of the United States of America; and/or (c) an interest-bearing account at a major bank or other major financial institution in Connecticut or Massachusetts.

E.    **Identification and Notification of Eligible Claimants**

17.    The Commission staff shall provide the Receiver with copies of bank statements, investor lists, and other documents concerning the operations of the Hawthorne Sterling Funds. The Receiver shall review such documents and compile a list of the names and addresses of persons who may have invested in one or more of the Hawthorne Sterling Funds and are potential Eligible Claimants in this matter.

18.    Within ninety (90) days after the establishment of the Escrow Fund pursuant to paragraph 15, the Receiver shall send a written notice to each potential Eligible Claimant by first-class mail at his or her last known address. Absent a last known address, or if the last known address is found to be invalid, the Receiver shall, in consultation with the Commission, use reasonable efforts to locate a potential Eligible Claimant, such as consulting phone books, computer databases, or Internet resources. The written notice shall contain a brief description of

the litigation and this Distribution Plan, a proof of claim form, and written instructions for completing the claim form. Also within ninety (90) days after the establishment of the Escrow Fund, the Receiver shall publish a notice in at least one nationally-circulated newspaper and in one or more appropriate locations on the Internet. The published notice shall contain a brief description of the litigation and instructions for how to contact the Receiver to obtain the proof of claim form. The Receiver may send such additional notice to each or certain potential Eligible Claimants as he determines is necessary and proper in his discretion.

19.    Both the written notice and the published notice shall identify a deadline for the submission of claims to the Receiver, which deadline shall be sixty (60) days after the written notice is mailed in accordance with paragraph 18 above, unless extended by the Court.

**F.    Evaluation of Claims**

20. Any claim submitted by a potential Eligible Claimant shall:

    a.    be in writing and signed under the pains and penalties of perjury;

    b.    provide a valid mailing address and phone number;

    c.    provide such documentary evidence as the Receiver deems necessary or appropriate for determining whether the person sustained a Net Cash Loss from investing in one or more of the Hawthorne Sterling Funds, including but not limited to copies of contracts with Hawthorne or its affiliates, copies of cancelled checks reflecting an investment in the Hawthorne Sterling Funds, records of any payments received as a return on the

7

investment; and/or correspondence with Renert, Hawthorne or their agents; and

d.   state whether the person has or has not compromised any claims against Renert and/or Hawthorne arising from an investment in one or more of the Hawthorne Sterling Funds, and state whether the person was compensated for soliciting others to invest in one or more of the Hawthorne Sterling Funds.

21.   The Receiver shall review the claims submitted and shall make a preliminary determination as to which persons are deemed to be Eligible Claimants and the amount of each such person's Net Cash Loss. The Receiver shall mail written notice of his preliminary determination to all persons who submitted claims. The notice of preliminary determination shall state that the Receiver's preliminary determinations will become final unless a potential Eligible Claimant submits a written objection setting forth the basis for the objection. The notice of preliminary determination shall state that any objection must be received by the Receiver no later than 5:00 p.m. on the 30th day after the notice of preliminary determination was mailed. The Receiver shall review the objections submitted and shall make a final determination concerning the status of all persons who submitted objections. The Receiver shall then mail written notice of his final determination to all such persons.

22.   The Receiver's determination as to a person's status as an Eligible Claimant and the amount of such person's Net Cash Loss shall be final, and the Court will not hear any appeals from such determination.

8

**G.    Receiver's Initial Report and**
**Distribution to Eligible Claimants**

23.    After making a final determination as to the status of all persons who submitted

claims, the Receiver shall calculate:  (a) the amount in the Escrow Fund that would be available

for distribution to the Eligible Claimants after payment of any outstanding fees, costs, taxes and

other expenses and after making allowance for an appropriate reserve against future fees, costs,

taxes and other expenses (hereafter, the "Distribution Amount"); and (b) each Eligible

Claimant's *pro rata* share of the Distribution Amount.

24.    The Receiver shall then file an Initial Report to the Court which:  (a) summarizes

the Receiver's activities to date; (b) provides an accounting of the Escrow Fund to date,

including the costs, taxes and other expenses paid; (c) identifies the Receiver's fees incurred to

date; and (d) lists the Distribution Amount to be paid to each Eligible Claimant.  The Initial

Report shall also include a request that the Court:  (a) approve the payment of the Receiver's fees

to date; and (b) authorize the payment of the Distribution Amount to each Eligible Claimant

(hereafter, the "Distribution").

25.    Within ten (10) days after the Court approves the Initial Report, the Receiver shall

pay himself his approved fees from the Escrow Fund and shall make the Distribution to Eligible

Claimants.

**G.    Receiver's Final Report and**
**Disbursement of Remaining Funds**

26.    Six (6) months after making the Distribution to Eligible Claimants, the Receiver

shall file a Final Report to the Court which:  (a) summarizes the Receiver's activities since the

9

Initial Report; (b) provides an accounting of the Escrow Fund since the Initial Report, including the costs, taxes and other expenses paid; (c) identifies the Receiver's fees incurred since the Initial Report; and (d) identifies the total amount paid to Eligible Claimants. The Final Report shall also include a request that the Court: (a) approve the payment of the Receiver's fees since the Initial Report; and (b) authorize the payment of the remaining balance in the Escrow Fund to the Commission for transfer to the U.S. Treasury.

27.    Within ten (10) days after the Court approves the Final Report, the Receiver shall pay himself his approved fees from the Escrow Fund and shall pay the remaining balance in the Escrow Fund by check payable to the Securities and Exchange Commission (for forwarding to the U.S. Treasury). The Receiver shall send the check to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, VA 22312, along with a cover letter identifying the name and number of this action and the name of defendant Renert and specifying that the payment is made pursuant to the Final Judgment. The Receiver shall send a copy of the check and the cover letter to counsel of record for the Commission.

**H.    Notice of Termination**

28.    Within ten (10) days after making the payments required by paragraph 27, the Receiver shall file a Notice of Termination with the Court and shall provide a copy to counsel for the Commission.

**DONE AND ORDERED** at New Haven, Connecticut, this ___19th___ day of _November_, 2007.

_____
UNITED STATES DISTRICT JUDGE

11